# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD D. WHITT and
WHITT FAMILY INTERESTS, INC.,

                     Plaintiffs,                Case No. 04-C-1066

          v.

RACE GLAZE, LLC,
CHEMRITE HOLDING COMPANY, LLC,
19725 W. EDGEWOOD DR., LLC,
7424 CIRCLE DR., LLC,
CHEMRITE INDUSTRIES, LLC, and
SHAUN P. GALLAGHER,

                     Defendants.

## OPINION AND ORDER

        Ronald D. Whitt and the Whitt Family Interests, Inc. are suing Race Glace, L.L.C., ChemRite Holding Company, L.L.C., 19725 W. Edgewood Dr., L.L.C., 7424 Circle Dr., L.L.C., ChemRite Industries, L.L.C. and Shaun P. Gallagher for injunctive, declaratory and monetary relief for actions arising out of an asset purchase. In 2000, the parties entered into an Asset Purchase Agreement pursuant to which ChemRite, Inc. transferred certain of its interests to ChemRite, L.L.C. and Race Glaze, L.L.C. The Plaintiffs allege that this court has diversity jurisdiction over the subject matter of the eight claims brought against the Defendants. See 28 U.S.C. § 1332.

        Shortly after filing their Amended Complaint, the Plaintiffs moved for partial summary judgment on Count I (breach of contract), Count V (money judgment

on promissory note), Count VI (foreclosure of mortgages) and Count VII (replevin). See Federal Rule of Civil Procedure 56. Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). Summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party. See Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 994 (7th Cir. 2003).

Having reviewed the record, the court concludes that material issues of fact surrounding the termination of Ronald Whitt's employment and the Defendants' affirmative defense of "unclean hands" preclude the granting of summary judgment on the breach of contract and foreclosure claims. The record has not yet been fully developed and the deadline for the completion of discovery (June 10, 2005) has not yet passed. In regard to Count VII, the Defendants contend that a party necessary to the replevin claim has not been joined. The Plaintiffs have cited a 1907 Wisconsin case which says that owners of senior encumbrances on property are not necessary parties. See Trust Company v. Van Valkenburgh, 132 Wis. 638, 649, 112 N.W. 1083, 1086 (19907). Nevertheless, it is not clear that summary judgment can as be granted on the replevin claim as a matter of law.

The court finds that the undisputed facts show that Defendants Race Glaze, L.L.C., ChemRite Industries, L.L.C., and ChemRite Holding Company, L.L.C., the makers of the Promissory Note at issue, are liable on the Note. These facts show that on February 9, 2000, the makers of the Note executed a Promissory Note in favor

2

of ChemRite Industries, Inc. in the original principal amount of $3,000.000.00 bearing interest at a rate of ten percent per annum. The obligations under the Note were originally owed to ChemRite Industries, Inc., which was forced to change its name to Whitt Family Interests, Inc. when the Defendants purchased the ChemRite name as part of the Asset Purchase Agreement. The proceeds of the Note were to be paid to the Whitt Family Interests, Inc. The entire principal balance of the Note and the accrued interest were due and payable on December 31, 2004. The makers failed to pay and are now in default.

A reading of the Note fails to disclose any reference to the Employment Agreement. The Note does provide that it is secured by assets purchased by "Maker(s)," including real and personal property "all as defined in the Asset Purchase Agreement of even date herewith." Likewise the Employment Agreement contains no language linking it to the Purchase Agreement. There is no evidence before the court that would make the payment of the amount due on the Note contingent upon Ronald D. Whitt's employment.

The Defendants argue that the Note cannot be enforced because Ronald Whitt, the sole shareholder in the Whitt Family Interests, Inc. acted with "unclean hands." However, the Defendants have not met their burden of supporting their affirmative defense. There is no clear and convincing documentation in the record to establish that the Note was not paid because of Ronald Whitt's alleged wrongful or unlawful course of conduct. See Security Pacific National Bank v. Ginkowski, 140 Wis. 2d 332, 339, 410 N.W.2d 589, 593 (1987).

3

The Defendants also challenge the computation of interest.  They say that the Note calls for a rate of ten percent simple interest per annum.  However, the word "simple" does not appear in the Note.  The pertinent language in the Note provides "the principal sum Three Million Dollars ($3,000,000.00), plus interest at the rate of ten percent per annum."  A review of the latest audit report (page 44), as did the previous audit reports, shows that the Defendants themselves calculated compound interest due and owing on the Note.  As of December 31, 2004, the total amount of principal and interest was $3,993,000.00 payable to the seller.  <u>See</u> Plaintiffs' Reply Brief in Support of Motion for Partial Summary Judgment at Exhibit 4.  Therefore, the court will grant judgment in favor of the Plaintiff Whitt Family Interests, Inc. on the Promissory Note claim.

Accordingly, the court ORDERS that the "Plaintiffs' Motion for [partial] Summary Judgment" (filed January 21, 2005) IS GRANTED IN PART AND DENIED IN PART.  Judgment is granted in favor of the Plaintiffs on Count V of the Amended Complaint.  The Plaintiffs shall serve and file a calculation of the amounts owed on the Note, including interest and the costs of collection, within eleven days of the date of this Order.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 12th day of May, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge

5